## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Naa'El Saddiq Malik Bey, a/k/a Reginald King-Bey, Real Party in interest; and Reginald Marlon King, Private Business Trust Complainant,<br><br>Plaintiffs,<br><br>v.<br><br>Donald James Trump, President of the United States Federal Corporation; Steven Terner Mnuchin, United States Secretary of Treasury; Timothy James Walz, Governor of Minnesota; Andrew Marshall Saul, Commissioner of Internal Revenue Services; R. Frank Weidner, President, Wings Financial Credit Union; and Michael Richard Pompeo, United States, Department of State,<br><br>Defendants. | Case No. 20-CV-2100 (DSD/KMM)<br><br>**REPORT AND RECOMMENDATION** |

Plaintiff Naa'El Saddiq Malik Bey did not pay the filing fee for this action, instead applying for *in forma pauperis* ("IFP") status. *See* ECF No. 2. That IFP application is now before the Court before any other matter may be considered in this matter.

An IFP application will be denied and an action will be dismissed when an IFP applicant has filed a complaint that fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and

1

draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id.* at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Mr. Malik Bey's pleading — a "Bill of Equity" brought against several federal governmental officials and the president of a private credit union — is inscrutable. It appears that Malik Bey may be attempting to have nullified obligations owed by him while living under the name Reginald Marlon King. No discernable cause of action is stated in the pleading, however. There is no reason from the pleading to believe that any of the defendants named to this lawsuit have violated the law with respect to Mr. Malik Bey. Indeed, it is not even entirely clear that this Court has jurisdiction over this matter, as no federal question of law is apparent from the face of the pleading and there is no reason to believe from Mr. Malik Bey's Bill of Equity that the parties are of diverse citizenship.[1]

---

[1] This Court notes that a similar lawsuit filed by Mr. Malik Bey earlier this year in the United States District Court for the Eastern District of North Carolina was dismissed under § 1915(e)(2)(B) on frivolity grounds. *See King v. United States*, No. 5:20-CV-146 (BR), 2020 WL 2754746 (E.D.N.C. May 27, 2020).

For all these reasons, this action must be dismissed without prejudice and Mr. Malik Bey's IFP application denied.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This matter be DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. The application to proceed *in forma pauperis* of plaintiff Naa'El Saddiq Malik Bey [ECF No. 2] be DENIED.

Date: October 22, 2020               *s/ Katherine Menendez*
                                     Katherine Menendez
                                     United States Magistrate Judge

## **NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).